IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELE BARVINCHAK, | CLASS ACTION NO. |
| Plaintiff, | **JURY TRIAL DEMANDED** <br> **Electronically Filed** |
| v. | |
| INDIANA REGIONAL MEDICAL CENTER, | |
| Defendant. | |

### CIVIL COMPLAINT

Plaintiff, Michele Barvinchak, by and through her counsel, John R. Linkosky, Esquire and John Linkosky & Assoc., files this Complaint and in support of alleges the following:

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)5(f)(3), as amended by the Civil Rights Act of 1991; the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., (ADEA); the American Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq., (ADA); and the Pennsylvania Human Relations Act, 43 P.S. § 955 (PHRA).

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

2. Plaintiff has satisfied all procedural and administrative requirements set forth in the above referenced statutes, in particular:

   a. Plaintiff filed timely written charges of sex, religious, age, disability

discrimination and retaliation with the United States Equal Employment Opportunity Commission on January 31, 2006, and dual filed with the Pennsylvania Human Relations Commission.

    b.    Plaintiff received a Notice of Right to Sue from the EEOC dated October 31, 2006.

    c.    This action was filed with this Court within 90 days of receipt of that Notice.

### II. Parties

3.    Plaintiff is an adult individual who resides at P.O. Box 1194, Northern Cambria, Cambria County, Pennsylvania 15714.

4.    Defendant is a hospital whose principal place of business is located at P. O. Box 886, Hospital Road, Indiana, Indiana County, Pennsylvania 15701.

### III. Factual Background

5.    Plaintiff was employed by Defendant since June 21, 1999. Plaintiff last held the position of Switchboard Operator.

6.    Plaintiff's immediate supervisor was Donna Overman, Unit Manager.

7.    Plaintiff suffers from medical and emotional conditions including alopoecia totalis, (complete loss of body hair), hypoglycemia and claustrophobia.

8.    Ms. Overman regarded Plaintiff as being disabled because of her illnesses, discriminated against Plaintiff and, due to that belief discriminated against Plaintiff in the workplace by various ways including but not limited to:

    a.    Frequently and regularly making adverse comments about Plaintiff's lack

        of hair. Ms. Overman regarded Plaintiff as appearing "unhealthy and unprofessional."

    b. Accusing Plaintiff of having a drug problem due to Plaintiff's appearance because of the alopecia.

    c. Taking steps to prevent Plaintiff from being seen by patients and employees due to her appearance caused by the alopecia.

    d. Preventing Plaintiff from having food available, to ease her hypoglycemia, without a doctor's order, while permitting other employees to eat and drink at their work sites.

9. Ms. Overman discriminated against Plaintiff due to her religious beliefs by requiring Plaintiff to conceal symbols of her religion while permitting other employees to display religious symbols.

10. Ms. Overman further discriminated against Plaintiff due to Plaintiff's religion by singling Plaintiff out as Catholic as opposed to other persons in Indiana County.

11. Ms. Overman discriminated against Plaintiff due to Plaintiff's religion and gender in requiring Plaintiff to cover a tattoo with religious significance to Plaintiff while male employees of Defendant were permitted to display tattoos.

12. Plaintiff is 44 years old. Her date of birth is 09/01/1962. Ms. Overman discriminated against Plaintiff due to Plaintiff's age, accusing Plaintiff of losing her memory due to her age, and openly expressing an intent to get rid of Plaintiff and other "older" employees over age 40 because they were not as "eager" as younger employees.

13. Ms. Overman discriminated against Plaintiff by denying her request for Family

Medical Leave to which Plaintiff was entitled while permitting other employees whom she did not regard as old or disabled to take personal and medical leave.

14. Ms. Overman discouraged Plaintiff from reporting the discrimination to Defendant's Human Relations Department and retaliated against Plaintiff, because of Plaintiff's complaints to her, by fabricating a reason to dismiss Plaintiff from employment on November 5, 2004.

### Count I - Disability Discrimination

15. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 14, as if fully set forth herein.

16. Due to Plaintiff's perceived disabilities, Defendant created a hostile work environment in which Plaintiff was forced to work.

17. Defendant's treatment of Plaintiff was intentional and was undertaken by Defendant because Plaintiff was regarded as disabled.

18. Defendant's treatment of Plaintiff was pervasive and regular in that Plaintiff was subjected to repeated and unwelcome conduct.

19. Defendant's conduct, through its agents, servants, and employees detrimentally affected Plaintiff.

20. Defendant either knew or should have known of the existence of the ongoing discrimination against Plaintiff.

21. Despite such knowledge, Defendant failed to take prompt and adequate remedial action to prevent and to stop the conduct.

22. Defendant's actions discriminated against Plaintiff in the terms and conditions of

her employment resulting in her termination from employment, because she was regarded as disabled, in violation of the Americans with Disabilities Act 42 U.S.C. § 12101 et seq.

23. Defendant's actions were intentional and were taken in reckless indifference to Plaintiff's federally protected right to not suffer discrimination because of being regarded as disabled.

24. As a direct and proximate result of Defendant's actions, Plaintiff suffered humiliation, inconvenience, mental distress, embarrassment, loss of income, and benefits.

WHEREFORE, Plaintiff demands judgment pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, et seq., as amended, as follows:

    a. That Defendant be ordered to reinstate Plaintiff into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    b. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest, until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied on November 5, 2004;

    c. That Defendant be required to provide Plaintiff with front pay if the Court determines reinstatement is not feasible;

    d. That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

    e. That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

    f. That Defendant be ordered to pay Plaintiff punitive damages;

    g. That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by the ADA;

      h.      That Plaintiff be awarded against Defendant, the costs and expenses of this litigation, including a reasonable attorneys fee;

      i.      That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## Count II - Religious Discrimination

25.     Plaintiff incorporates by reference the allegations in Paragraphs 1 through 24, as if fully set forth herein.

26.     Defendant discriminated against Plaintiff due to Plaintiff's religious affiliation.

27.     Defendant's treatment of Plaintiff was undertaken by Defendant because of her religious affiliation.

28.     Defendant's treatment of Plaintiff was pervasive and regular in that Plaintiff was subjected to repeated and unwelcome conduct.

29.     Defendant's conduct, through its agents, servants, and employees, detrimentally affected Plaintiff.

30.     Defendant either knew or should have known of the existence of the religious discrimination.

31.     Despite such knowledge, Defendant failed to take prompt and adequate remedial action and to stop the conduct.

32.     Defendant's actions discriminated against Plaintiff in the terms and conditions of her employment resulting in her termination from employment, because of her religion, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq.

33.     Defendant's actions were intentional and were taken in reckless indifference to Plaintiff's federally protected right not to be subject to discrimination due to her religion.

34. As a direct and proximate result of Defendant's actions, Plaintiff suffered humiliation, inconvenience, mental distress, embarrassment, loss of income, and benefits.

WHEREFORE, Plaintiff demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), as amended, as follows:

    a. That Defendant be ordered to reinstate Plaintiff into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    b. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest, until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied on November 5, 2004;

    c. That Defendant be required to provide Plaintiff with front pay if this Honorable Court determines reinstatement is not feasible;

    d. That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

    e. That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

    f. That Defendant be ordered to pay Plaintiff punitive damages;

    g. That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by Title VII;

    h. That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee;

    i. That Plaintiff be granted such further legal and equitable relief as this Honorable Court may deem just and proper.

### Count III - Age Discrimination

35. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 34, as

if fully set forth herein.

36. Defendant discriminated against Plaintiff due to her age (44).

37. Defendant's treatment of Plaintiff was intentional and undertaken by Defendant because of her age.

38. Defendant's treatment of Plaintiff was pervasive and regular and that Plaintiff was subjected to repeated and unwelcome conduct because of her age.

39. Defendant's conduct, through its agents, servants, and employees detrimentally affected Plaintiff.

40. Defendant either knew or should have known of the existence of age discrimination in the workplace.

41. Despite such knowledge, Defendant failed to take prompt and adequate remedial action to prevent and stop the conduct.

42. Defendant's actions discriminated against Plaintiff in the terms and conditions of her employment resulting in her termination from employment, because of her age.

WHEREFORE, Plaintiff demands judgment pursuant to the Age Discrimination in Employment Act 29 U.S. C. § 62, et seq., as follows:

    a. That Defendant be ordered to reinstate Plaintiff into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    b. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest, until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied on November 5, 2004;

    c. That Defendant be required to provide Plaintiff with front pay if this

> Honorable Court determines reinstatement is not feasible;
>
> d. That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;
>
> e. That Plaintiff be awarded compensatory damages in an amount to be determined at trial;
>
> f. That Defendant be ordered to pay Plaintiff punitive damages;
>
> g. That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by the ADEA;
>
> h. That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee;
>
> i. That Plaintiff be granted such further legal and equitable relief as this Honorable Court may deem just and proper;
>
> j. That Plaintiff be awarded liquidated damages in the amount equal to any monetary damages awarded to Plaintiff as provided by the ADEA.

### Count IV - Sex Discrimination

43. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 42, as if fully set forth herein.

44. Defendant discriminated against Plaintiff because of her gender (female) and created a hostile work environment in which Plaintiff was forced to work.

45. Defendant's treatment of Plaintiff was intentional and was undertaken by Defendant because of her sex.

46. Defendant's treatment of Plaintiff was pervasive and regular in that Plaintiff was subjected to repeated and unwelcome conduct.

47. Defendant's conduct, through its agents, servants, and employees, detrimentally affected Plaintiff.

48. Defendant's actions, through its agents and servants, would detrimentally affect a reasonable woman in Plaintiff's position.

49. Defendant either knew or should have known of the existence of sexual discrimination and a sexually hostile atmosphere.

50. Despite such knowledge, Defendant failed to take prompt and adequate remedial action to stop the conduct.

51. Defendant's actions discriminated against Plaintiff in the terms and conditions of her employment and resulted in her termination from employment, because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq.

52. Defendant's actions were intentional and were taken in reckless indifference to Plaintiff's federally protected right not to be subject to sexual discrimination and a sexually hostile atmosphere.

53. As a direct and proximate result of Defendant's actions, Plaintiff suffered humiliation, inconvenience, mental distress, embarrassment, loss of income, and benefits.

WHEREFORE, Plaintiff demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), as amended, as follows:

   a. That Defendant be ordered to reinstate Plaintiff into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

   b. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest, until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied on November 5, 2004;

   c. That Defendant be required to provide Plaintiff with front pay if this

                      Honorable Court determines reinstatement is not feasible;

      d.      That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

      e.      That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

      f.      That Defendant be ordered to pay Plaintiff punitive damages;

      g.      That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by Title VII;

      h.      That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee;

      i.      That Plaintiff be granted such further legal and equitable relief as this Honorable Court may deem just and proper.

### Count V - Retaliation

54. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 53, as if fully set forth herein.

55. Plaintiff was discharged because Plaintiff opposed conduct made illegal under Title VII of the Civil Rights Act of 1964, U.S.C. § 2000(e), the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

56. Defendant's retaliation was intentional and taken with reckless indifference to Plaintiff's federally protected right to not be retaliated against for opposing conduct made illegal under Title VII, the ADA and ADEA.

57. As a direct and proximate result of Defendant's actions, Plaintiff was discharged, suffered lost wages and benefits, as well as humiliation, inconvenience, mental distress and

embarrassment.

WHEREFORE, Plaintiff demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), as amended, the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., as follows:

    a.    That Defendant be ordered to reinstate Plaintiff into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    b.    That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest, until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied on November 5, 2004;

    c.    That Defendant be required to provide Plaintiff with front pay if this Honorable Court determines reinstatement is not feasible;

    d.    That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

    e.    That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

    f.    That Defendant be ordered to pay Plaintiff punitive damages;

    g.    That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by Title VII, the ADA and ADEA;

    h.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee;

    i.    That Plaintiff be granted such further legal and equitable relief as this Honorable Court may deem just and proper;

    j.    That Plaintiff be awarded liquidated damages in the amount equal to any monetary damages awarded to Plaintiff.

## Count VI - PHRA

58. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 57, as if fully set forth herein.

59. Defendant's discharge of Plaintiff violated the PHRA, 43 Pa. C.S.A. § 955(a) et seq.

60. As a direct result of Defendant's discriminatory actions in violation of the PHRA, Plaintiff has lost wages and other economic benefits of her employment with Defendant, in addition to suffering extreme emotional distress, depression, inconvenience and humiliation.

WHEREFORE, Plaintiff requests the following:

   a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Pennsylvania Human Relations Act;

   b. That Defendant be ordered to reinstate Plaintiff and provide her accumulated seniority, fringe benefits and all other rights;

   c. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest, from the date of discrimination, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

   d. That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;

   e. That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the Pennsylvania Human Relations Act;

   f. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

   g. That the Court grant Plaintiff additional relief as may be just and proper.

Respectfully submitted,

s/John R. Linkosky
**John R. Linkosky, Esquire**
**Pa. I.D. No. 66011**
JOHN LINKOSKY & ASSOC.
715 Washington Avenue
Carnegie, PA 15106
412 278-1280

Dated: January 16, 2007                               Counsel for Plaintiff, Michele Barvinchak

14

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELE BARVINCHAK, | CLASS ACTION<br>NO. |
| Plaintiff, | **JURY TRIAL DEMANDED**<br>**Electronically Filed** |
| v. | |
| INDIANA REGIONAL MEDICAL CENTER, | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Civil Complaint was *electronically filed* on the ____16th____ day of January, 2007, to the following:

Robert W. Pritchard, Esquire
Littler Mendelson, PC
Dominion Tower
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222-3110

Theodore A. Schroeder, Esquire
Littler Mendelson, PC
Dominion Tower
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222-3110

                                           s/John R. Linkosky
                                           John R. Linkosky, Esquire
                                           Attorney for Plaintiff